**Orlando Castillo OROBIO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75362.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 17, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Orlando Castillo Orobio, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's determination that Orobio failed to establish past persecution because the actions taken against him by suspected members of the New People's Army ("NPA") were not so severe as to rise to the level of past persecution and the discrimination Orobio experienced in the Philippines on account of his sexual orientation does not constitute past persecution. *See Mansour v. Ashcroft,* 390 F.3d 667, 672 (9th Cir.2004). Furthermore, despite his contention, the cumulative effect of Orobio's past experiences do not rise to the level of past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003).

Substantial evidence also supports the BIA's determination that Orobio has not established that he has a well-founded fear of future persecution if he returns to the Philippines. Orobio has failed to show that the NPA has a continuing interest in him, particularly given that Orobio does not fit into any of the categories of persons sought by the NPA and a significant

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

amount of time has passed since his last encounters with the NPA. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (persecution not found when, among other things, there was no indication of "any continuing interest" in applicant). Substantial evidence further supports the BIA's determination that conditions for homosexuals are improving in the Philippines since Orobio left the country in 1991. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1188 (9th Cir.2006) (denying petition for review of asylum and withholding of removal claims where, among other things, record indicated that conditions for Jehovah's Witnesses in Eritrea "are improving").

Because Orobio fails to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED.**